Ana Lillian TORRES, Representing Luis A. Dávila, Plaintiff, Appellant,

v.

SECRETARY OF HEALTH, EDUCATION, AND WELFARE, Defendant, Appellee.

No. 72-1073.

United States Court of Appeals, First Circuit.

Heard Feb. 5, 1973.

Decided March 23, 1973.

Luis F. Abreu Elias, Rio Piedras, P. R., for appellant.

James C. Hair, Jr., Atty., Dept. of Justice, with whom Harlington Wood, Jr., Asst. Atty. Gen., Julio Morales-Sanchez, U. S. Atty., Kathryn H. Baldwin, and Jean A. Staudt, Attys., Dept. of Justice, were on brief, for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

CAMPBELL, Circuit Judge.

Appellant's husband (hereinafter "claimant") was recently found by the appellee to be entitled to disability insurance benefits under Section 223 of the Social Security Act, 42 U.S.C. § 423 (the "Act"). She now seeks, on his behalf, to recover benefits retroactively under a previous claim of his which had been denied. The Secretary has ruled, under his regulations, that reopening is time-barred; and the sole question is whether claimant's alleged mental disability should relieve him of the time limitations in the regulations. The district court, reviewing the Secretary's determination under § 205(g) of the Act, 42 U.S.C. § 405(g), affirmed the Secretary and dismissed the complaint. Without expressing any opinion on the merits of claimant's contention, we remand to the Secretary for further proceedings.

On July 9, 1963, claimant applied for benefits, asserting disability from February, 1963, because of asthma. The original application and a requested reconsideration were both denied on the ground that he was insufficiently disabled. Although notified of his right to request a hearing, he pursued the matter no further.

Not until October of 1968 did he file another such application, resulting in the present proceedings. Besides asthma, claimant this time asserted "nerves" as a disabling factor. His claim was first denied; but he requested and was granted, on October 14, 1969, a hearing before a Hearing Examiner. Appearing without counsel, he testified that he had not worked since February, 1963; that besides the asthma he could not sleep "even for one hour" and was always bursting into tears. The hearing was terminated when he began to weep. Doctors' certificates and records of outpatient treatment at a Veterans Administration facility were received.[1] Based on the October, 1968, application, the Examiner found him to be entitled to a period of disability commencing on February 28, 1963, and to disability benefits.

[1. On the issue of "nerves", one physician certified to having rendered ambulatory psychiatric treatment to claimant as early as 1954 and 1955. A Veteran's Administration physician, in 1966, noted insomnia, the hearing of voices, fits of depression and crying, and recommended hospitalization (which apparently never occurred). From May 27, 1969, to June 18, 1969, claimant was hospitalized at the Hato Rey Psychiatric Hospital. He was diagnosed by his physician as having "Anxiety reaction, chronic, severe, with marked depression and bronchial asthma" and by another physician (in 1969) as "Psychotic, depressive reaction, chronic, severe. . . ."]

In December, 1969, claimant was sent a Certificate of Social Insurance Award showing entitlement to benefits as of October, 1967. He sought review by the Appeals Council of the Social Security Administration, asserting a right to recover benefits from February 28, 1963, and when this was denied, commenced an action in the district court.

The Secretary's position, which correctly interprets § 223(b) of the Act and his own regulations, is that retroactive recovery under the 1968 claim is limited by § 223(b) to a period of one year before the filing of that claim. To the contention that the favorable second determination (finding a period of disability going back to early 1963) should be viewed as reopening the unsuccessful 1963 determination, the Secretary responds that the time limitations set forth in his regulations are a bar. The determination denying benefits under the 1963 claim became final in 1964. 20 C.F.R. 404.916. It could be reopened as of right only within one year, and for cause only within four years, after the date of the notice of the initial determination. 20 C.F.R. 404.957. Claimant's second claim was filed more than four years after the date of such notice.

Claimant contends, however, that the time limitations for reopening should not apply to a mentally incapacitated person. The Secretary's regulations make no exception for individuals who may be prevented from pursuing their rights by mental disability.[2]

We are not now prepared to decide whether and when a person suffering from major mental disability may be entitled to relief from the four-year limitation. The Secretary's regulations must be consistent with the Act, necessary or appropriate to carry out its provisions, and reasonable. 42 U.S.C. § 405(a). Statutes of limitations have "generally" exempted from their opera-

tion plaintiffs who are subject to legal disability such as insanity. Developments in the Law—Statutes of Limitations, 63 Harv.L.Rev. 1177, 1229 (1950). The policy, however, has not been uniform, and may depend upon the nature of the rights affected. The Secretary may be able to persuade us, even if this claimant could establish long-standing incompetency of requisite degree, that an exception therefor would be administratively unsound given the peculiar features and requirements of the Act. Yet, we think claimant's contention cannot be rejected out of hand and without further consideration. Further weighing in his favor is the line of authority holding that one insured against accident or ill-health may be excused from giving notice and proof within the period stipulated in the policy if he is prevented from so doing by reason of his insanity or other mental condition rendering the giving of notice and proof impossible. Annot., 142 A.L.R. 852 (1943). See Couch on Insurance 2d § 32:42; J. A. Appleman, Insurance Law and Practice, § 11632 (1963).

While abstractly the question raised by claimant is not insubstantial, we are unable to resolve it on the record before us. No specific findings were made by the Secretary showing the effect, if any, of claimant's mental condition from 1963 to 1968 on his ability to understand and pursue his remedies. As the district court correctly noted, the general finding of disability made on evidence of both asthma and nerves, tells us merely that he was occupationally disabled within the meaning of the Act; one may be so disabled and yet retain the awareness and mental capacity to understand and pursue one's right. See Couch on Insurance, 2d § 32:42 at p. 257.

█ The district court undertook to remedy the silent record by reviewing the raw medical data and making its

2. They do, however, afford such a person a measure of protection by permitting an application for benefits to be made by another on his behalf. 20 C.F.R. 404.603 (e). The present court proceeding, we note, was instituted by claimant's wife, whom he married in 1968. The 1963 claim was brought directly by claimant at a time when a divorce was pending between his first wife and himself.

own determination—which was that the claimant had not been shown during the "critical period of 1963–67" to have been unable to comprehend rights which he was otherwise bound to know. In so doing, the court erred. A district court may not, under the Act, make findings of fact to supplement those of the Secretary. 42 U.S.C. § 405(g). *See* Snyder v. Ribicoff, 307 F.2d 518, 520 (4th Cir. 1962). Its function is to review the Secretary's findings, which must stand if supported by substantial evidence and if not contrary to law. Where, as here, the Secretary did not receive evidence or make findings on a material issue, the remedy is to return to the Secretary.

Both the Secretary's failure to make findings and the district court's attempt to make its own are understandable given the novelty of the question. It is this very novelty, and the potential impact of a final resolution on the Secretary's regulatory scheme, which leads us to withhold judgment on the ultimate legal issue until the facts are adequately developed. It may yet be, as the district court believed, that claimant will not be shown to have suffered from mental impairment so serious as even to present the difficult legal question of to what extent, if any, the Secretary's regulations must be relaxed.

 But we think the claimant must be given full opportunity to present the issue administratively. It must be remanded to the Secretary for a further hearing, at which evidence may be received, and findings made, on the extent of claimant's mental impairment at relevant times in each of the years 1963–68, and on whether or not such impairment prevented the timely pursuit of his remedies.[3] In light of such findings, the Secretary may render such conclusions as he believes appropriate on the issue of claimant's right to reopen the 1963 claim. The Secretary's findings and conclusions will be subject to fur-

ther review in the district court at which time, if the findings and conclusions so necessitate, the broad issue of whether and to what extent claimant's mental condition may entitle him to relief from the regulatory time limitations can be further considered.

The case is remanded to the district court, with directions to remand to the · Secretary for further action consistent herewith.

---

3. In so defining the findings to be made, we should not be understood as precluding the Secretary from making any other find-

ings of fact which he believes to be germane to the issue of reopening the 1963 claim.