Viola W. LUMSDEN, Plaintiff,

v.

Joseph A. CALIFANO, Secretary of Health, Education and Welfare, Defendant.

No. CIV 78–085–TUC–RMB.

United States District Court,
D. Arizona.

Nov. 20, 1979.

David C. Bartlett of Davis & Eppstein, P. C., Tucson, Ariz., for plaintiff.

Michael D. Hawkins, U. S. Atty., Stephen M. McNamee, Asst. U. S. Atty., District of Arizona, Tucson, Ariz., for defendant; Randolph W. Gaines, Chief of Litigation, Washington, D. C., Joseph S. Friedman, Atty., Dept. of Health, Education and Welfare, Baltimore, Md., of counsel.

## ORDER

BILBY, District Judge.

The defendant's renewed Motion to Dismiss plaintiff's Complaint raises a narrow question as to the constitutionality of the application of administrative res judicata. On April 30, 1979, this Court, the Honorable Bruce Thompson presiding, heard argument on defendant's first Motion to Dismiss for lack of jurisdiction. Judge Thompson dismissed the Complaint but allowed plaintiff thirty days to amend the Complaint to allege a constitutional violation.

Plaintiff's initial application for disability benefits was filed in September of 1972,

claiming various physical disabilities. The claim was denied initially, and upon reconsideration. The Appeals Council affirmed the hearing decision in February of 1975. Plaintiff did not file a civil action challenging this determination, although she was represented by counsel throughout the proceedings.

Plaintiff's current application seeks disability for the same period. The claim was denied and plaintiff requested a hearing. The Administrative Law Judge denied the request on the basis of res judicata. The plaintiff requested review of the dismissal by the Appeals Council on September 19, 1977. After reviewing further medical evidence, the Appeals Council affirmed the dismissal by the Administrative Law Judge. In July of 1978, the plaintiff submitted additional evidence in support of this claim, consisting of a psychiatric evaluation dated June 19, 1978, by Dr. David Gurland and a psychological report dated June 19, 1978. In a letter dated August 18, 1978, the Appeals Council sent notice to the plaintiff that these reports did not constitute new and material evidence sufficient to warrant a re-opening of plaintiff's 1972 claim.

 This motion is directed to the allegation in the plaintiff's Amended Complaint that the failure to grant plaintiff a hearing on the new evidence presented by the plaintiff constitutes a denial of due process and equal protection. Given the particular facts of this case, the Court must find that it does not. Plaintiff had a hearing on her claim for disability, at which she was represented by counsel. She did not file a civil action challenging the determination and it became res judicata. The regulations provide for a period (four years) during which re-opening may be allowed if new and material evidence is presented. 20 C.F.R. 404.958. In this case, plaintiff's evidence was presented, considered and found to be insufficient to warrant re-opening. This Court is without jurisdiction, under *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192, to entertain suits challenging the refusal to re-open claims barred by res judicata, unless a colorable constitutional claim is made. Such a claim must be more than a request for an additional opportunity to establish that she satisfies the Social Security Act's eligibility standards for disability benefits. *Califano v. Sanders, supra*, 97 S.Ct. at 986. In this case, plaintiff was represented at all times by counsel and had an opportunity to be heard. Furthermore, the Appeals Council received and considered plaintiff's additional evidence on her mental condition before declining to re-open her case. Under these facts, no constitutional deprivation has been shown.

IT IS HEREBY ORDERED that the plaintiff's Amended Complaint be dismissed and the Clerk enter Judgment accordingly.