Maria **PARKER**, Plaintiff-Appellant,

v.

Joseph A. **CALIFANO**, Secretary of Health, Education & Welfare, Defendant-Appellee.

No. 79–1239.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 8, 1980.

Decided April 3, 1981.

Barry L. Moon and Philip H. Beauvais, III, Fenton, Mich., for plaintiff-appellant.

James K. Robinson, U. S. Atty., Detroit, Mich., Robert W. Haviland and Kenneth K. So, Asst. U. S. Attys., Flint, Mich., Patricia G. Reeves, Asst. U. S. Atty., Detroit, Mich., John Obee, Detroit, Mich., for defendant-appellee.

Before KEITH, BAILEY BROWN and JONES, Circuit Judges.

BAILEY BROWN, Circuit Judge:

Appellant, Maria Parker, brought this action in the Eastern District of Michigan challenging the Secretary's determination that her claim for Social Security disability benefits was barred by administrative *res judicata*.[1] The district court dismissed the case for lack of jurisdiction. For the reasons expressed below, we reverse and remand.

On February 24, 1966, Parker filed her first of four applications for Social Security disability benefits. She alleged that she had been totally disabled since September, 1961, due to an arthritic back condition. This application was denied on April 21, 1967. The notice of denial informed Parker that an applicant must meet both an earnings requirement and a disability requirement to be eligible for benefits. She was advised that she last met the earnings requirement on December 31, 1966, and that she did not meet the disability requirement. The letter also explained that Parker could request reconsideration within six months. No such request was filed.

On May 12, 1970, Parker filed a second application for disability benefits. Once again she alleged a disability as of 1961 due to an arthritic back condition. This application was denied on June 24, 1970, on the basis of administrative *res judicata*. Parker was again notified of the administrative appeals procedure and was advised that she could submit new evidence of disability that existed prior to December 31, 1966, without filing a new application. No request for reconsideration was filed.

Parker's third application was filed on January 22, 1973. Once again she alleged disability as of 1961, as a result of an arthritic spine condition. This third application, Parker's first request for reconsideration, and her first request for a hearing were denied on the basis of *res judicata*. This finding was adopted by the Appeals Council as the final determination of the Secretary on December 3, 1974.

A similar fate met her fourth application, filed on September 30, 1975, which, unlike her initial application, was filed with assistance of counsel. This application alleged disability as of 1961 due to "nerves." This application and the subsequent request for reconsideration were denied on the basis of *res judicata*. Before ruling on her request for a hearing, the Administrative Law Judge (ALJ) requested a psychiatric examination. After receiving this report, which indicated that, although there was a history of psychiatric disorders going back to 1959, there were no present psychiatric problems and that Parker's nervous condition was closely related to her back pain, the ALJ denied her request for a hearing on the basis of *res judicata*. No finding was made by the ALJ or by the psychiatrist concerning Parker's psychiatric condition during the time following her first application when she failed to pursue her administrative remedies. In January, 1977, the Appeals Council affirmed the ALJ's determination.

On March 8, 1977, Parker filed the instant action claiming that:

---

1. 20 C.F.R. § 404.937(a) (1980), provides as follows:

The presiding officer may, on his own motion, dismiss a hearing request, either entirely or as to any stated issue, under any of the following circumstances:

(a) *Res judicata*. Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing, or review, or to commence a civil action with respect to such determination or decision (see §§ 404.911, 404.918, 404.946, and 404.951).

[The Secretary's] failure to ascertain whether [Parker's] failure to pursue her administrative remedies [following the denial of her first application] might have been due to a psychiatric disability and the [Secretary's] subsequent application of the doctrine of res judicata has resulted in a denial of [Parker's] rights to due process. . . .

Parker's Complaint, ¶ 18.[2]

Initially the district court, on motion of the Secretary, dismissed the action, concluding that it was barred by *res judicata*. The court then vacated its order of dismissal and remanded the case to the Secretary "for further administrative action." Finally, relying on *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), the court, on the Secretary's motion, vacated its order of remand and dismissed the action, holding that it was without subject matter jurisdiction to consider Parker's claim because she sought review of the Secretary's determination that administrative *res judicata* applied to her application for benefits.

In *Sanders*, the Supreme Court addressed the question whether federal courts have jurisdiction under Section 10 of the Administrative Procedure Act (APA) or under Section 205(g), 42 U.S.C. 405(g), of the Social Security Act to review a final decision of the Secretary not to reopen a claim for disability benefits. The Court held that Section 10 of the APA was not an implied grant of jurisdiction for such review, and went on to state with regard to Section 205(g):

We also agree that § 205(g) cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits.

*Id.* at 107–08, 97 S.Ct. at 985. The Court noted that the clear language of Section 205(g) indicated that federal courts' jurisdiction under the Act is limited to review of a "final decision of the Secretary made after a hearing." *Id.* at 108, 97 S.Ct. at 985. The Court held that because a petition to reopen may be denied without a hearing Congress did not intend Section 205(g) to provide the jurisdictional predicate for judicial review of the Secretary's decision not to reopen a prior final decision. *Id.*

The Court was, however, careful to distinguish cases such as *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), and *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), in which colorable constitutional claims were raised. Noting the strong presumption in favor of the availability of judicial review when constitutional questions are presented, the Court stated:

Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions.

*Sanders, supra*, 430 U.S. at 109, 97 S.Ct. at 986. Indeed, the Court had earlier stated that the resolution of constitutional questions is a matter beyond the jurisdiction and competence of the Secretary, and he is not even required to consider such questions. *Eldridge, supra*, 424 U.S. at 330, 96 S.Ct. at 900; *Salfi, supra*, 422 U.S. at 765, 95 S.Ct. at 2466.

Since the advent of *Sanders*, the courts have held that, absent a colorable constitutional claim, federal courts are without jurisdiction to review the Secretary's denial of benefits on the basis of *res judicata*. *See, e. g., Rios v. Secretary of Health, Education and Welfare*, 614 F.2d 25, 26–27 (1st Cir. 1980) (no jurisdiction to review a denial of benefits on basis of *res judicata* because purely discretionary hearing not a "hear-

---

**2.** The complaint also contained allegations that Parker suffers from "chronic severe agitation" and "depressed reaction." Parker further alleges that "[t]he testimony in the record that [Parker] suffered from a severe and refractory psychiatric illness remains uncontradicted." The record shows, and the complaint alleges, that the psychiatrist who examined Parker at the ALJ's request made no finding as to her condition as of 1967, at the time she failed to pursue available administrative remedies. We surmise that it was these allegations and the facts shown in the record that induced the district court initially to remand this case to the Secretary.

ing" for purposes of jurisdiction under § 405(g)); *Hensley v. Califano*, 601 F.2d 216 (6th Cir. 1979) (denial of benefits on basis of *res judicata* not reviewable); *Matos v. Secretary of Health, Education and Welfare*, 581 F.2d 282, 285–86, n. 6 (1st Cir. 1978) (no jurisdiction to review denial of benefits on basis of *res judicata* absent colorable constitutional claim); *Teague v. Califano*, 560 F.2d 615, 618 (4th Cir. 1977) (no jurisdiction to review *res judicata* denial of benefits); *Lumsden v. Califano*, 479 F.Supp. 839, 840 (D.Ariz.1979) (no jurisdiction absent colorable constitutional claim). Because we determine that Parker presented such a claim, we conclude that the district court erred when it held that it had no jurisdiction.

The Secretary's regulations require that an applicant seeking disability benefits proceed through four administrative stages: the initial determination, 20 C.F.R. §§ 404.-905–908 (1980); the reconsideration, 20 C.F.R. §§ 404.909–916 (1980); the hearing, 20 C.F.R. §§ 404.914–40 (1980); and Appeals Council Review, 20 C.F.R. §§ 404.945–952 (1980). The regulations further provide that notice of the agency action taken at each stage and the right to proceed to the next stage be transmitted to the claimant. *See* 20 C.F.R. §§ 404.908, 404.916, and 404.-937a (1980). At any stage of this procedure, if the applicant fails to timely proceed to the next administrative stage, the last determination made will become final. *See* 20 C.F.R. §§ 404.908, 404.916, and 404.940 (1980). After the Appeals Council Review, the final administrative stage, a claimant may bring an action in federal district court under Section 205(g), 42 U.S.C. 405(g). Failure to bring such an action will operate to render the decision of the Appeals Council final. *See* C.F.R. § 404.951 (1980). Any determination that becomes final for failure to proceed to the next level of consideration may operate to bar future consideration of the claim, 20 C.F.R. § 404.937(a) (1980), although some procedures are available to mitigate the effect of this rule. *See,· e. g.,* 20 C.F.R. § 404.957 (1980).

Additionally we note that, although administrative *res judicata* is recognized as a helpful tool in limiting relitigation of claims once decided, courts have noted that it is applied with less rigidity than its judicial counterpart. *See, e. g., United States v. Smith*, 482 F.2d 1120, 1123 (8th Cir. 1973). Courts have stated that administrative *res judicata* should be relaxed for practical reasons such as the prevention of injustice. *See, Grose v. Cohen*, 406 F.2d 823, 824–25 (4th Cir. 1969). In this regard, courts have opined that mental illness could, in an appropriate case, prevent the application of administrative *res judicata*. *See, Green v. Weinberger*, 500 F.2d 203, 205 (5th Cir. 1974); *Leviner v. Richardson*, 443 F.2d 1338, 1342–43 (4th Cir. 1971). Of the few courts that have considered the question most disposed of the issue by finding that no evidence had been presented of mental illness of such a degree as would justify invocation of such a rule. *See, e. g., Matos, supra*, at 287; *Green, supra*, at 205; *Leviner, supra*, at 1343. The First Circuit, however, has dealt more fully with the question of whether a claimant's mental condition compelled relaxation of a regulation barring a portion of his claim in *Torres v. Secretary of Health, Education and Welfare*, 475 F.2d 466 (1st Cir. 1973). In *Torres*, the denial of a 1963 claim became final when Torres failed to pursue his claim past the reconsideration level. In 1968 a second claim was filed, alleging the same onset date, February, 1963, as the initial application. After a hearing, Torres was found to be disabled as of February, 1963, but because his second claim was filed more than four years after the first became final, retroactive benefits were limited by regulation to one year preceding the second claim. *Id.* at 467–68. In response to Torres' contention that the time limitation bar should not operate as to him because of his mental disability, the court noted that "No specific findings were made by the Secretary showing the effect, if any, of claimant's mental condition from 1963 to 1968 on his ability to understand and pursue his remedies." *Id.* at 468. Declining to comment on the effect such a finding might have, the court nevertheless remanded the case to the Secretary for an evidentiary hearing to determine

whether Torres' mental condition prevented timely pursuit of his administrative remedies. *Id.* at 469.

We recognize that these cases arose before *Sanders* was decided, but we consider them valid authority for the proposition that indiscriminate application of administrative *res judicata* to all claims that technically come within its ambit may well be an improper application of the doctrine. Although because of *Sanders* federal courts may not consider mere claims of unfairness or injustice when administrative *res judicata* is applied, we may consider those claims that raise a colorable constitutional question. *See Matos, supra,* at 286–87.

The claim presented here by Parker alleges, in effect, that it is a denial of due process for a claimant to be precluded from litigating her claim for benefits because of a failure to proceed in a timely fashion from one administrative stage to the next when the claimant did not receive meaningful notice and the opportunity to be heard. The alleged defect in notification does not concern the content of the standard notices, which were admittedly mailed and received, but relates to the ability of the claimant to understand and act upon them. Parker's contention is that, because she did not have the mental ability to understand and comply with the notice of further administrative procedures, she did not receive meaningful notice and an opportunity to be heard.

It is axiomatic that Section 205(b) of the Social Security Act, 42 U.S.C. § 405(b), and due process require that a claimant receive meaningful notice and an opportunity to be heard before her claim for disability benefits may be denied. A substantial question exists in this case whether Parker has received this fundamental guarantee. Medical evidence submitted with a later application indicates some degree of mental illness that predates the filing of her initial application. The complaint also contains allegations of mental disability. Further, the district court's remand of this case to the Secretary indicates doubts that the court had concerning Parker's mental condition at the time she initially failed to pursue her administrative remedies. We think Parker presents a colorable argument that she failed to understand and act upon the notice she received because of her mental condition, and that a denial of benefits based upon this failure is a denial of due process. This type of contention seems peculiarly apropos in the context of Social Security disability benefit proceedings in which, as here, the very disability that forms all or part of the basis for which the claimant seeks benefits may deprive her of the ability to understand or act upon notice of available administrative procedures. Thus, we conclude that Parker had presented a colorable constitutional claim and that therefore the district court was correct when it exercised jurisdiction by remanding to the Secretary.

Accordingly, we remand to the district court with instructions that it direct the Secretary to make a determination, after considering such evidence as may be presented, whether mental illness prevented her from understanding and pursuing her administrative remedies following the denial of her first application for benefits. Once such a determination is made, the district court will have a sufficient record before it to decide what relief, if any, is consonant with due process and the Secretary's regulatory scheme. At the same time, such a remand will give the Secretary ample opportunity to remedy any injustice that may have occurred in Parker's case and, if further proceedings are had before the district court, the Secretary will have the opportunity to present his position on the issue of what effect, if any, Parker's mental condition should have on the application of *res judicata* to her claim. *See, Torres, supra,* at 468–69.

REVERSED AND REMANDED.