**Mae C. BRITTINGHAM**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services.**

**Civ. A. No. 82–4632.**

United States District Court,
E.D. Pennsylvania,
Civil Division.

Feb. 7, 1983.

Community Legal Services, Inc., Jonathan M. Stein, Philadelphia, Pa., for plaintiff.

Dept. of Justice, Serena H. Dobson, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

NEWCOMER, District Judge.

Defendant moves to dismiss as untimely filed this action for judicial review of the dismissal by the defendant of plaintiff's request for Appeals Council review of the hearing decision on her claim for benefits under Title XVI of the Social Security Act ("Act"). Plaintiff opposes the motion to dismiss and instead moves the Court to remand the matter to the Secretary. For the reasons set forth below, defendant's motion is denied and plaintiff's motion is granted.

Plaintiff is, allegedly, a severely mentally ill woman who never had an attorney until the time this civil action was filed. She was awarded SSI disability benefits effective January, 1978. On October 29, 1980, she was sent a notice of termination of benefits. Proceeding *pro se,* she requested and obtained an administrative hearing before an Administrative Law Judge ("ALJ"). On January 20, 1982, the ALJ issued a decision in which he found that plaintiff's disability had ceased, not in October of 1980, but in October of 1981. On the same day, plaintiff was mailed a copy of the ALJ's decision and a document entitled "NOTICE OF FAVORABLE DECISION," which explained the procedure for requesting Appeals Council review. Plaintiff did not make a timely request for Appeals Council review within sixty days. In an affidavit filed with her motion for remand, plaintiff avers that she understood neither the decision nor the appeals procedure, and that she was misled by the caption, "FAVORABLE DECISION" on the notice she received, and by the fact that her SSI checks continued through April of 1982. In May of 1982, when her checks stopped, she went to the Social Security Administration and filed an appeal to the Appeals Council. She did not, however, file an explanation of her reasons for filing her appeal out of time until August 6, 1982. On August 23, 1982, the Appeals Council dismissed plaintiff's appeal without a hearing, stating only that it found her written explanation insufficient and that, from a review of plaintiff's file,

she did not appear to be unable to act in her own best interests. In October of 1982, plaintiff contacted Community Legal Services on the advice of a social worker, whereupon a lawyer filed this action on her behalf.[1]

Defendant argues in its motion to dismiss that exhaustion of administrative remedies and strict compliance with the timeliness requirements of 42 U.S.C. § 405(g) are absolute jurisdictional prerequisites, citing *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). However, the Supreme Court in *Sanders* explicitly recognized an exception for cases in which a decision of the Secretary is challenged on constitutional grounds. The proper inquiry, therefore, is whether plaintiff has stated a colorable constitutional claim. In a case with similar facts, the Court of Appeals for the Sixth Circuit held that a plaintiff who alleged that she did not have the mental ability to understand and comply with the administrative appeal procedures had stated a colorable constitutional claim of denial of due process of law. *Parker v. Califano,* 644 F.2d 1199 (6th Cir.1981). The *Parker* court further held that the proper procedure for the district court to follow was to remand to the Secretary for a determination, after considering such evidence as might be presented, whether mental illness had prevented the plaintiff from understanding and pursuing her administrative remedies following the denial of her application for benefits.

Although I have discovered no case in which the Third Circuit Court of Appeals has addressed the precise issue presented in *Parker* and this case, I read the court's opinion in *Stauffer v. Califano,* 693 F.2d 306 (3rd Cir.1982), as implicitly approving *Parker's* analysis.

Accordingly, I will enter an order remanding this case to the Secretary for a hearing to determine factual issues concerning plaintiff's ability to understand and follow the administrative appeal procedures. If it is determined that plaintiff was, in fact, incapable of understanding the meaning of the ALJ's January 20, 1982, decision and the necessity to request Appeals Council Review within sixty (60) days, the Appeals Council should then consider the merits of plaintiff's appeal from the ALJ's decision. Pending these further administrative proceedings, the complaint in this civil action will be dismissed without prejudice.

Finally, it remains to be determined whether I should order the Secretary to recommence paying SSI benefits to plaintiff pending further administrative proceedings, as plaintiff requests. Plaintiff offers no authority for this course of action, and I do not believe that it is warranted in view of the procedural posture of the case. I have not determined that the ALJ's decision concerning the termination of plaintiff's disability was erroneous, nor would it be proper for me to do so until the threshold issue of my jurisdiction is resolved. However, because this case involves SSI benefits which are intended to supply the bare necessities of life, and because plaintiff has already been subjected to considerable and possibly unwarranted delay, I will include in my order a requirement that the mandated hearing be held within seventy days from the date the order is entered.[2]

## ORDER

AND NOW, this 7th day of February, 1983, upon consideration of the defendant's motion to dismiss the complaint for lack of subject matter jurisdiction, and upon consideration of plaintiff's opposition thereto and plaintiff's motion for remand and interim relief, it is ORDERED that this case is REMANDED to the Secretary for further proceedings in accordance with the attached Memorandum.

---

1. Defendant does not challenge the timeliness of this civil action vis-a-vis the Appeals Council action, but argues that the refusal of the Council to consider the appeal means that there is no "final decision" of the Secretary to review.

2. I would hope that the hearing can be conducted more promptly, but I feel constrained to select this time period in view of the fact that the parties have sixty days in which to file a notice of appeal from my order. F.R.App.P. 4(a)(1).

**62**

IT IS FURTHER ORDERED that the defendant shall see that the administrative hearing mandated by this Order is held within seventy (70) days from the date of this Order, and that a prompt decision is rendered. The complaint is DISMISSED WITHOUT PREJUDICE, pending further administrative action.

IT IS FURTHER ORDERED that plaintiff's counsel shall file his request for attorney fees and costs within thirty (30) days from the date of this Order.

AND IT IS SO ORDERED.