772 F.2d 906
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ARTHUR K. GREEN, JR., PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 85-1384
 United States Court of Appeals, Sixth Circuit.
 8/29/85
 
 1
 E.D.Mich.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: MERRITT and CONTIE, Circuit Judges; and RUBIN, Chief District Judge.*
 
 
 3
 This pro se Michigan plaintiff moves the Court for permission to proceed in forma pauperis in his appeal from a district court judgment accepting the Magistrate's report and recommendation to affirm the Secretary's denial of social security disability benefits. The secretary denied the plaintiff benefits because the application was barred for the most part under the doctrine of administrative res judicata and because the plaintiff had not otherwise shown entitlement to benefits for the remaining two months of his eligibility.
 
 
 4
 Upon review of the cause, this Court concludes that the district court properly dismissed the plaintiff's third action seeking an award of benefits for essentially the same disability for the reasons stated by it and its U.S. Magistrate. Plaintiff is repetitively seeking benefits claiming to be disabled due to a bad heart, poor respiration and other problems that are symptomatic of his admitted obesity. To the extent the plaintiff sought to reconsider the Secretary's previous findings of nondisability over the same time period beginning in early 1972 and ending on August 17, 1977, it is clear that his present suit is barred under the doctrine of administrative res judicata. Absent a colorable constitutional claim, the federal courts do not even have jurisdiction to review the Secretary's decision applying administrative res judicata to bar consideration of repetitive claims seeking benefits for essentially the same disability. See Califano v. Sanders, 430 U.S. 99 (1977); McGowen v. Harris, 666 F.2d 60, 65 (4th Cir. 1982); Parker v. Califano, 644 F.2d 1199, 1201 (6th Cir. 1981). It is also apparent that the plaintiff has failed to raise a colorable constitutional claim attacking the Secretary's previous rulings by his simply making vague and conclusory references to Articles and Amendments of the federal constitution. Cf. Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971).
 
 
 5
 Finally, it is also concluded that the Secretary's finding of nondisability over the remaining time of the plaintiff's eligibility for benefits is supported by substantial evidence. Plaintiff's primary problem is his own obesity which he admits can be controlled by diet. In addition, according to Section 10.10 of 20 C.F.R. Appendix 1 of Subpart P, a person with plaintiff's weight (278 pounds) and height (66 inches) is not considered disabled even when considered in conjunction with plaintiff's other maladies.
 
 
 6
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The plaintiff's motion seeking permission to appeal in forma pauperis is granted, and the district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Carl B. Rubin, Chief U.S. District Judge for the Southern District of Ohio, sitting by designation