902 F.2d 33
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Herman L. MELVIN, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 89-5726.
 United States Court of Appeals, Sixth Circuit.
 April 24, 1990.
 
 Before RALPH B. GUY, Jr., and BOGGS, Circuit Judges, and PAUL V. GADOLA, District Judge.*
 PER CURIAM.
 
 
 1
 Herman L. Melvin filed an action under Rule 60(b)(2), Fed.R.Civ.P., in the United States District Court for the Middle District of Tennessee, asking that court to grant him relief from its denial of social security benefits on the basis of newly discovered evidence. The trial court refused to grant Melvin's motion, on the basis that equity and good conscience did not require its prior decision to be set aside. Finding that the trial court did not abuse its discretion in doing so, we now affirm.
 
 
 2
 * In 1960, Herman L. Melvin had one of his testicles surgically removed, as a treatment for cancer. In addition to this surgical procedure, Melvin also had cobalt treatments. In 1975, he had disk surgery on his back. Melvin applied for disability benefits after this surgery in 1975. The application was denied, and he failed to request a rehearing before an ALJ before his time for appeal lapsed.
 
 
 3
 On October 10, 1978, Melvin again applied for disability benefits. Although doctors and lay witnesses testified about Melvin's complaint of constant pain in his lower right quadrant, a number of doctors indicated that they could not find its cause. One neurosurgeon stated that "[t]his patient's symptoms cannot be explained on the basis of any organic pathology." The Secretary found him not to be disabled, a decision which was affirmed by the district court and this court. Kirk v. Secretary of HHS, 667 F.2d 524, 537-38 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983). This court noted the doctor's failure to find any "organic pathology." Id. at 538.
 
 
 4
 Melvin had a surgical procedure performed on one of his ureters in 1980. On August 19, 1980, Melvin applied for the first time for supplemental security income. Again, a number of doctors indicated that they could not find the cause of his pain. The Secretary found him not to be disabled; the Secretary's decision was eventually affirmed both by the district court and this court. Melvin v. Secretary of Health and Human Services, No. 84-5391 (6th Cir. April 30, 1985).
 
 
 5
 Again, this court took note of the failure of doctor's to find a cause for Melvin's constant pain:
 
 
 6
 Here, the lay testimony [asserting pain] is not supported by the reports of the treating physicians. The opinions of treating physicians are to be accorded weight only where supported by clinical findings. Kirk, supra,667 F.2d at 538. Although the lay witness testimony may be fully supported by the subjective conclusions of the treating physicians as to the plaintiff's credibility, such testimony is not fully supported by the medical reports. Under these circumstances, the Secretary did not err in refusing to address the lay witness testimony.
 
 
 7
 Melvin v. Secretary of Health and Human Services, No. 84-5391 at 7-8 (6th Cir. April 30, 1985) (unpublished per curiam).
 
 
 8
 On July 8, 1985, Melvin had part of his intestines surgically removed by Dr. Dale Trammell. Radiation damage of the distal small bowel was found; Melvin contends that this damage was a result of his 1960 cobalt treatments.
 
 
 9
 On February 10, 1986, Melvin applied for supplemental security income. On November 18, 1986, ALJ Jose G. Rolon-Rivera granted him benefits as of the date of the application. The ALJ noted that the radiation damage played a factor in Melvin's other conditions:
 
 
 10
 ... the gross of the medical evidence is in agreement that the testicular surgery and subsequent irradiation treatment have played a significant role in the onset of the other conditions. In 1979 claimant had right nephrectomy because of hydronephrosis secondary to obstruction to the ureter, felt to be on the basis of radiation change. The small bowel obstruction discovered in 1985, has been considered secondary to radiation necrosis with several complication.
 
 
 11
 In March 1986, Melvin asked the Appeals Council to reopen his 1978 application for benefits. On April 6, 1987, the Appeals Council refused to reopen his application. Over four years had elapsed between the initial determination in 1978 and Melvin's request for reopening. Under 20 C.F.R. Sec. 404.988(b), if a request for reopening is filed more than four years after the initial determination, the application may be reopened only if the claimant establishes, among other things, fraud or clerical error. The Appeals Council found that Melvin failed to fulfill any of the conditions in this provision.
 
 
 12
 On July 8, 1987, Melvin sued in the federal district court for relief under Rule 60(b) from the district court's affirmance of the Secretary's denial of his 1978 application for benefits.[1] He asserted that his complaint constituted an independent action for relief.
 
 
 13
 In the denial of benefits for his 1978 application, the Secretary, the district court, and this court had found the lack of an identifiable source of Melvin's pain crucial to the decision denying benefits. Melvin asserted that the newly-discovered radiation damage gives credence to the testimony of lay witnesses and doctors confirming that pain. Because of the newly discovered evidence of radiation damage, Melvin asserted that his 1978 denial of benefits, affirmed by this court in 1982, could not, in equity and good conscience, be enforced. See Barrett v. Secretary, 840 F.2d 1259, 1263 (6th Cir.1987).
 
 
 14
 The Secretary moved for dismissal, contending, inter alia, that the district court lacked jurisdiction to review its refusal to reopen Melvin's 1978 application for benefits and that Melvin's claim was barred by administrative res judicata. The Secretary attached a number of exhibits to this motion detailing Melvin's prior filings for benefits and SSI. On December 11, 1987, Melvin filed an affidavit from Dr. Trammell. In this affidavit, Trammell noted:
 
 
 15
 It would be my estimation that the long standing symptoms of abdominal pain, cramping and G.I. complaints could very well relate to as early as 1980 at the time that he had a right nephrectomy. This nephrectomy was done as a result of hydro-nephrosis that had occurred as a result of a ureteral obstruction on the basis of irratiation [sic] change incurred in the 1960's. In fact I would be quite surprised if he had not had significant G.I. symptoms with the extent of irradiation damage and necrosis that was present in his intestines at the time of surgery.
 
 
 16
 On February 10, 1988, the magistrate filed an order which, pursuant to rule 12(b)(6), construed the Secretary's motion to dismiss as a Rule 56 motion for summary judgment, because of the evidentiary material attached to it. The magistrate found that "... Melvin's action here is not an independent action under Rule 60(b), but rather [is] a motion under Rule 60(b)(2) based upon newly discovered evidence." On the basis of this finding, the magistrate concluded that Melvin had not filed his motion within the required one-year period, and thus the motion was time-barred.
 
 
 17
 The magistrate also analyzed the complaint as an independent action under Rule 60(b), and concluded "that Melvin has not established in equity and good conscience [that] the 1982 judgment should be set aside." See Barrett v. Secretary, 840 F.2d 1259 (6th Cir.1987). The magistrate recommended that Melvin's action be dismissed.
 
 
 18
 The district court granted the Secretary's motion to dismiss, also finding that Melvin had not established in equity and good conscience that the 1982 judgment should be set aside. After filing another affidavit from Dr. Trammell in December 1988 stating that his opinion "was based on a reasonably [sic] medical certainty," Melvin asked the court to reconsider its decision under Fed.R.Civ.P. 59(e). The district court refused and Melvin timely appealed.
 
 II
 
 19
 If Melvin's motion under Rule 60(b) is construed to be one to reopen the district court case for newly-discovered evidence under Rule 60(b)(2), it is clearly time-barred. The mandate in Kirk issued in 1982; Melvin filed his motion in 1987. Under Rule 60(b)(2), Melvin must file his motion within one year of judgment. However, even construing Melvin's complaint as an independent action under Rule 60(b), we will affirm the decision of the district court.
 
 
 20
 We find it clear that, under Califano v. Sanders, 430 U.S. 99 (1977), the district court had no jurisdiction to review the Secretary's refusal to reopen Melvin's 1978 application for benefits. "[B]ecause of Sanders federal courts may not consider mere claims of unfairness or injustice when administrative res judicata is applied...." Parker v. Califano, 644 F.2d 1199, 1203 (6th Cir.1981); Ingram v. Secretary, Health and Human Services, 830 F.2d 67 (6th Cir.1987).
 
 
 21
 After Sanders, we have ordered the Secretary to reopen an application only in cases where the Secretary's failure to reopen raises a colorable constitutional claim. Parker, 644 F.2d at 1203. Melvin has not raised such a colorable constitutional claim, and as such the district court had no jurisdiction to review the Secretary's refusal to reopen Melvin's 1978 application.
 
 
 22
 In light of Sanders, it is not clear whether a district court may, under Rule 60(b), reopen its own review of the Secretary's initial decision to deny benefits after the Secretary has refused to reopen the application. Such an independent action may, effectively, constitute a proscribed review of the Secretary's refusal. Although the district court ostensibly may reopen the case under Rule 60(b), it is barred from hearing new evidence. 45 U.S.C. Sec. 405(g); Parks v. Harris, 614 F.2d 83 (5th Cir.1980). Thus, it must remand the case to the Secretary for such a hearing, and, in doing so, it is essentially reviewing the Secretary's refusal to reopen the application in the first place.
 
 
 23
 However, we need not confront this issue. The district court here determined that "Melvin has not established in equity and good conscience [that] the 1982 judgment should be set aside." See Barrett v. Secretary, 840 F.2d 1259, 1262-63 (6th Cir.1987). The magistrate stated that "it is by no means clear whether this history [of radiation damage] bears any causal relationship to the pain that Melvin described in his 1978 proceedings." We find that, even if the district court had jurisdiction to reopen its own review of the Secretary's initial decision to deny benefits, it did not abuse its discretion by refusing to do so.
 
 
 24
 In December 1988, Melvin filed another affidavit from Dr. Trammell, which stated with greater certainty that the radiation damage caused Melvin's lower right quadrant pain. The district court still concluded that "[t]his is still not sufficient evidence to justify reopening the case." Again, we cannot say that the district court abused its discretion. Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Paul v. Gadola, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 It is not clear from Melvin's complaint whether he wanted his 1978 application for benefits or his 1980 application for SSI reopened. The magistrate interpreted his complaint to be as to his 1978 application, and Melvin did not object to this interpretation at trial