914 F.2d 1494
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Moses E. ROBINSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 89-3792.
 United States Court of Appeals, Sixth Circuit.
 Sept. 21, 1990.
 
 Before KEITH and RYAN, Circuit Judges, and CHURCHILL, District Judge.*
 PER CURIAM:
 
 
 1
 Plaintiff Moses E. Robinson ("Robinson") appeals from the district court's June 30, 1989 order partially granting his motion for summary judgment. The order granted benefits for the period July 31, 1982 through September 17, 1982, but denied benefits for the period December 4, 1979 through July 30, 1982 under the doctrine of res judicata. Robinson argues that the doctrine of res judicata does not bar him from re-litigating the issue of disability prior to July 30, 1982. Robinson also contends that the Secretary abused his discretion by failing to reopen the decisions concerning his previous claims.
 
 
 2
 We find that the district court properly granted benefits for the period July 31, 1982 through September 17, 1982 as the Secretary's finding that Robinson was not disabled for that period was not supported by substantial evidence. The district court also correctly denied benefits for the period December 4, 1979 through July 30, 1982 because Robinson's impairment was immaterial and was not raised previously with his 1981 claims. As a final decision was rendered on Robinson's 1981 claims, the doctrine of res judicata prohibits him from filing a second suit on the same issues involving the same parties. See Precision Air Parts, Inc. v. Avco Corp., 736 F.2d 1499, 1501 (11th Cir.1984).
 
 
 3
 It is within the Secretary's discretion to reopen a determination or decision. See 20 C.F.R. Secs. 404.988, 416.1488. Even if the Secretary abused his discretion by failing to reopen the previous decisions, federal courts' jurisdiction under the Social Security Act is limited to the review of a "final decision of the Secretary made after a hearing." Califano v. Sanders, 430 U.S. 99, 108 (1977). Because a petition to reopen may be denied without a hearing, "Congress did not intend Section 205(g) of the Administrative Procedure Act to provide the jurisdictional predicate for judicial review of the Secretary's decision not to reopen a prior final decision." Parker v. Califano, 644 F.2d 1199, 1201 (6th Cir.1981).
 
 
 4
 Absent a colorable constitutional claim, federal courts lack jurisdiction to review the Secretary's denial of benefits based on res judicata. See Barnett v. Secretary of HHS, 840 F.2d 1259, 1265 (6th Cir.1987); Parker v. Califano, 644 F.2d at 1201. Accord Matos v. Secretary of Health, Education and Welfare, 581 F.2d 282, 285-86, n. 6 (1st Cir.1978) (court lacks jurisdiction to review denial of benefits on basis of res judicata absent colorable constitutional claim); Teague v. Califano, 560 F.2d 615, 618 (4th Cir.1977) (court had no jurisdiction to review res judicata denial of benefits). We find that Robinson fails to raise a colorable constitutional claim, as his challenge addresses only the denial of the reopening itself rather than addressing specific sections of the Social Security Act.
 
 
 5
 Having carefully considered the record and briefs submitted in this case, we find no error warranting reversal. Therefore, we AFFIRM the June 30, 1989 judgment of the district court, the Honorable John W. Potter, United States District Judge for the Northern District of Ohio, based upon the February 23, 1989 report and recommendation submitted to that court by Magistrate James G. Carr.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sat by designation