# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 02-2382

LARRY D. BARRETT, APPELLANT,

V.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before GREENE, *Chief Judge*, and LANCE and SCHOELEN, *Judges*.

## O R D E R

The appellant, Larry D. Barrett, through counsel, is seeking to appeal an August 15, 2002, Board of Veterans' Appeals (Board) decision that denied his claim for disability compensation for post-traumatic stress disorder (PTSD). The Court received his Notice of Appeal (NOA) on December 21, 2002, eight days beyond the 120-day time limit set forth in 38 U.S.C. § 7266(a). On February 20, 2003, the Secretary filed a motion to dismiss this appeal as untimely.

## I. FACTS

Even though this matter is only at the threshold question of jurisdiction, the procedural history is extensive and will only be summarized here. The Court originally rejected the appellant's request to equitably toll the time period for filing his NOA based upon his mental condition and dismissed this appeal. *Barrett v. Principi*, No. 02-2382, 2003 WL 21321372 (June 5, 2003). The U.S. Court of Appeals for the Federal Circuit (Federal Circuit) reversed that decision after concluding that the Court's jurisdictional statute was subject to equitable tolling due to mental illness. *Barrett v. Principi*, 363 F.3d 1316, 1317 (Fed. Cir. 2004). The Court again dismissed this appeal after concluding that there was insufficient evidence to support the application of equitable tolling in this case. *Barrett v. Principi*, No. 02-2382, 2004 WL 1660393 (July 16, 2004). The Federal Circuit reversed again and held that the Secretary's general duty "to ensure the reality and appearance of systemic fairness" required him to assist the appellant in developing evidence to support his equitable tolling argument because no statute explicitly prohibited the Secretary from providing such assistance. *Barrett v. Nicholson*, 466 F.3d 1038, 1044 (Fed. Cir. 2006).

After the Federal Circuit's second remand, the U.S. Supreme Court held in *Bowles v. Russell* that federal courts had "no authority to create equitable exceptions" to the jurisdictional requirements set forth in statutes by Congress. 127 S. Ct. 2360, 2366 (2007). Subsequently in *Henderson v. Peake*, this Court concluded that section 7266 was a jurisdictional statute and, therefore, *Bowles* had abrogated the Federal Circuit's equitable tolling jurisprudence. 22 Vet.App. 217 (2008). After *Henderson*, the appellant filed a supplemental brief, arguing in essence that his due process rights

were violated because the notice VA provided was constitutionally deficient in light of his status as a pro se claimant suffering from a mental illness and proceeding without the protection of a guardian ad litem. Appellant's Supplemental Brief (Supp. Br.) at 1.

## II. ANALYSIS

To obtain review in this Court, a claimant must "file a notice of appeal with the Court within 120 days after the date on which notice of the decision is mailed." 38 U.S.C. § 7266(a). The appellant attempts to distinguish his case from the recent line of cases on equitable tolling by directing the Court to a series of Supreme Court cases that held that notice delivered by a means not reasonably certain to afford a claimant suffering from a mental illness notice of appellate rights prevents a decision from ever being accorded finality. *See* Appellant's Supp. Br. at 3-5. The Secretary argues that the appellant's due process claim should fail because the appellant was capable of pursuing his appeal. Secretary's Supp. Br. at 6.

The Fifth Amendment to the U.S. Constitution provides that: "No person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. In other words, "the Due Process Clause provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutionally adequate procedures." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). The appellant cites to *Mullane v. Central Hanover Bank & Trust*, where the Supreme Court stated that "in any proceeding which is to be accorded finality," the constitution requires "notice reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." 339 U.S. 306, 314 (1950). There, the Supreme Court noted that the method employed to deliver the notice might not always ensure, with reasonable certainty, that the claimant would receive the notice, thus giving rise to due process concerns. *Id.* at 315. The appellant then directs the Court to *Covey v. Town of Somers*, 351 U.S. 141 (1956), where the Supreme Court addressed, in the context of a claimant suffering from a mental illness who was without the protection of a guardian, the due process considerations set forth in *Mullane*. The Supreme Court held that the statutorily prescribed notice requirements, which allowed for notice of foreclosure by mailing, posting, and publication "would not afford notice to the incompetent and that a taking under such circumstances would be without due process of law." *Id.* at 147. He also cites to *Jones v. Flowers*, 547 U.S. 220, 230 (2006), where the Supreme Court noted that, for due process requirements to be satisfied, the government may be required "to consider unique information about an intended recipient regardless of whether a statutory scheme is reasonably calculated to provide notice in an ordinary case." The Supreme Court warned that due process required that the government provide adequate notice before taking property from a citizen who had failed to pay taxes. *Jones*, 547 U.S. at 234.

The appellant also relies upon various cases from the federal courts of appeal to support his position. The Court notes that the caselaw relied upon by the appellant here glosses over the crucial foundation question of whether an applicant for a government benefit has a protected property right in the expectation of potentially receiving the benefits. *See, e.g.*, *Parker v. Califano*, 644 F.2d 1199, 1201 (6th Cir. 1981). *Parker* assumes the existence of such a property interest based upon dicta in

*Califano v. Sanders*, 430 U.S. 99 (1977), a Supreme Court case addressing the causes of action available under the Administrative Procedure Act (APA). However, as this Court has noted, the Supreme Court has since stated on multiple occasions that it has never recognized a protected property interest in benefits that have not been awarded. *See Edwards v. Peake*, 22 Vet.App. 29, 33 (2008) (citing *Lyng v. Payne*, 476 U.S. 926, 942 (1986), and *Walters v. National Ass'n of Radiation Survivors*, 473 U.S. 305, 320 n. 8 (1985)); *see also Thurber v. Brown*, 5 Vet.App. 119, 123 (1993); *but see Ingram v. Nicholson*, 21 Vet.App. 232, 254 (2007) (suggesting that due process may at the very least require that an applicant for benefits receive notice that a decision has been made on the claim). Accordingly, to the extent that *Sanders* stated that the APA does not limit the power of the federal courts to hear constitutional claims, it cannot be interpreted broadly as announcing a property interest in benefits that have been denied.

Even assuming an applicant for government benefits has a protected property interest, we cannot ignore the backdrop of caselaw involving equitable tolling of appeals or the distinctions between those cases and the ones that the appellant relies on. *Parker* and its progeny did not involve equitably tolling the time to seek independent judicial review of Social Security Administration (SSA) cases in federal court. Rather, *Parker* held that due process might provide relief where a mental disability resulted in "a failure to proceed in a timely fashion *from one administrative stage to the next*." 644 F.2d at 1203. *See also Penner v. Schweiker*, 701 F.2d 256, 261 (3rd Cir. 1983) (remand for a determination of whether the appellant was able to "pursu[e] his administrative remedies"). Moreover, equitable tolling of SSA proceedings because of mental illness based upon due process is not universally accepted by federal courts. *See Torres v. Barnhart*, 417 F.3d 276, 282-83 (2nd Cir. 2005) (Jacobs, J. concurring) (arguing that "[t]he rule . . . that equitable tolling is available other than to compensate for the agency's misleading or clandestine actions—is incompatible with what has been done or said in every other Second Circuit case, and splits with every other circuit."); *Boock v. Shalala*, 48 F.3d 348, 352-53 (8th Cir. 1995) (concluding that the procedures available by regulation to challenge prior SSA decisions were adequate to satisfy due process).

As in *Henderson*, the Court finds the Supreme Court's guidance in *Bowles* to be instructive. The opinion in *Bowles* clearly noted that there is a "distinction between claims-processing rules and jurisdictional rules." 127 S. Ct. at 2360. As to Congressionally established time limits for seeking judicial review, *Bowles* made clear that they fall in the latter category. *Id.* at 2366; *see Henderson*, 22 Vet.App. at 220 (concluding that the statutory time limit on NOAs is not a claims-processing rule). Although *Bowles* did not explicitly address due process, it seems unlikely that the Court would have ignored it if it could require equitable tolling of a federal court's appellate jurisdiction. For example, *Bowles* noted that the Supreme Court rejected a petition for certiorari that was one day late from a prisoner who was executed shortly thereafter "without any Member of this Court having even seen his petition." *Bowles*, 127 S. Ct. at 2365 nt. 4. Moreover, the appellant does not cite any decisions by the Federal Circuit or any other federal appellate court allowing an otherwise untimely appeal based upon equitable tolling. If the federal courts have not recognized any protected interest that requires equitable tolling of the time for independent judicial review, then it is very difficult to

say that an unrecognized property interest that has already received two separate, non-adversarial reviews by an agency would merit such protection.

Finally, even if we were to conclude that an applicant for benefits has a protected property right and that due process could be extended from the administrative arena to independent judicial review, we conclude that the appellant has not demonstrated that a due process violation occurred here. *See Hilkert v. West*, 12 Vet.App. 145, 151 (1999) (en banc) (concluding that appellant had the burden of demonstrating error on appeal). He has not suggested what was deficient about the means VA used to provide notice, nor does he suggest that there were additional steps that VA should have taken in this instance. The Court also notes that, although VA in all likelihood knew that the appellant suffered from a mental illness (as his claim was for a mental illness and the Board's decision discussed his various diagnosed mental illnesses at length (see Larry D. Barrett, BVA 96-18 258A, at 12 (Aug. 15, 2002))), the appellant has not proffered evidence suggesting that VA knew that the appellant's condition rendered him unable to understand the notice provided. *See Edwards*, 22 Vet.App. at 35 (citing *Covey*, 351 U.S. at 146-47 (notice rendered insufficient where it is provided to a *known incompetent*)). Finally, the Court points out that the appellant was represented by a veterans service organization at the Board, and he has not asserted that his representative did not receive notice and inform him of his appellate rights. *See* Declaration of Mark R. Lippman ("Appellant advised declarant that Jimmie C. Donaldson, Veterans Service Officer of the State of Alabama, had recommended that appellant contact declarant for possible representation."); *see also Covey*, 351 U.S. at 146 (suggesting that appointment of representative before entry of judgment of foreclosure for a person "without mental capacity to handle her affairs or to understand the meaning of any notice served upon her" might alleviate due process concerns).

While the Court is sympathetic to the appellant's desire for review, the appellant has not provided any evidence to support his contention that a due process violation occurred here. The appellant remains free to seek reopening of his claim with new and material evidence, to seek reconsideration of the Board decision, or to challenge the Board decision on the basis of clear and unmistakable error.

Accordingly, it is

ORDERED that, Mr. Barrett's appeal of the August 15, 2002, Board decision is DISMISSED.

DATED: May 7, 2009                                                    PER CURIAM.