Richard L. WILLS, Plaintiff-Appellant,

v.

SECRETARY, HEALTH AND HUMAN SERVICES, Defendant-Appellee.

No. 85–5246.

. United States Court of Appeals, Sixth Circuit.

Argued Aug. 8, 1986.

Decided Oct. 8, 1986.

Shaun W. Esposito (argued), Legal Aid Soc., Inc., Louisville, Ky., for plaintiff-appellant.

Ronald E. Meredith, U.S. Atty., Michael F. Spalding (argued), Louisville, Ky., for defendant-appellee.

Before MERRITT, KRUPANSKY and RYAN, Circuit Judges.

KRUPANSKY, Circuit Judge.

The plaintiff-appellant Richard L. Wills ("Wills") appealed the district court's summary judgment affirming the Secretary's decision not to reopen Wills' first application for social security disability insurance benefits thereby limiting his subsequent award of benefits, pursuant to his second application, to the effective date of the second application.

Wills originally filed his application for disability insurance benefits, *pro se*, on March 11, 1977. He received notice that the application was denied on May 23, 1977, accompanied by an explanation of his right to appeal the decision. However, he pursued no administrative appeal. Instead, on December 28, 1981, he filed a second application alleging that his disability commenced in July of 1973. An administrative law judge ("ALJ") conducted a hearing and determined, on July 23, 1982, that Wills had indeed been disabled since July, 1973, but refused him benefits prior to the date of the denial of his original application by applying the doctrine of administrative *res judicata.*[1] Accordingly, the ALJ denied Wills' request to reopen his original application for benefits, but awarded him benefits to commence from July, 1982.[2] The ALJ's decision became the final decision of the Secretary when it was approved by the Appeals Council on March 15, 1983.

Wills thereupon initiated this action in the district court. By a memorandum opinion and order dated December 8, 1983, the district court reversed the Secretary and remanded the case to the Appeals Council pursuant to the directions of *Parker v. Califano,* 644 F.2d 1199 (6th Cir.1981), to determine if Wills had understood his administrative remedies in light of his mental condition and *pro se* status at the time his initial application for benefits was denied.

On January 14, 1984, the Appeals Council remanded the case for a supplemental hearing before the same ALJ who had issued the initial order. The ALJ affirmed his earlier decision to limit the award of benefits to the effective date of the second

---

[1]. 20 C.F.R. § 404.937(a) (1980) contained the administrative *res judicata* provision at the time of the ALJ determination:

The presiding officer may, on his own motion, dismiss a hearing request, either entirely or as to any stated issue, under any of the following circumstances:

*Res judicata.* Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance or, without judicial consideration, upon the claimant's failure to request reconsideration, hearing, or review, or to commence a civil action with respect to such determination or decision (see §§ 404.911, 404.918, and 404.951).

[2]. This Circuit has consistently held that the Secretary may apply the doctrine of *res judicata* to bar an award of benefits for a period of disability wherein the application for such a period of disability has been previously denied. *See, e.g., Wilson v. Califano,* 580 F.2d 208 (6th Cir.1978).

Moreover, the invocation of the doctrine of *res judicata* in the case at bar was not disputed. Rather, the dispute centered around whether Wills' due process rights were infringed because he did not have the mental capacity to understand and pursue his administrative remedies with respect to the denial of his first application, and as a result of his failure to pursue his administrative appeal, *res judicata* barred an award of benefits for a portion of the time that he was disabled.

application, and recommended that the Appeals Council not reopen the original application. The ALJ concluded, *inter alia,* that:

> The claimant understood that his application had been denied and that he had the right to appeal this determination, and his failure to exercise his right to appeal was not the result of incapacity due to mental impairment.

The ALJ's recommendation was adopted by the Appeals Council, which stated:

> [D]ue process was afforded the claimant with respect to the denial of his application filed on March 11, 1977, that he did not suffer from mental impairments which deprived him of the right to meaningful notice and opportunity to be heard, and that the initial determination of May 23, 1977 ... may not be reopened.

Wills subsequently lodged an appeal in the district court which affirmed the decision of the Secretary. Appeal to this court was timely filed on March 25, 1985, wherein Wills charged two assignments of error: (1) the district court improperly applied the substantial evidence standard to determine that his mental impairment did not deprive him of his due process rights; and (2) the Secretary's decision was not supported by substantial evidence.

Wills was born on April 30, 1949 and was 32 years of age at the time he filed his second application for benefits. He had completed his education through the ninth grade, and had work experience as a stock boy and a meat cutter. In his second application, he alleged that his disability commenced in July, 1973 due to diabetes mellitus, ketoacidosis, hypoglycemia, lower extremity muscle weakness, peripheral neuropathy, and various mental disorders.

Wills was single and at the relevant time lived with his father. His I.Q. was and is 81, and he was able to read at a fourth grade level. He was diagnosed as having a chronic/aggressive character disorder with significant depression and acute anxiety secondary to concern about possible loss of brain function. In February, 1982, Wills was hospitalized at a psychiatric facility with a brief reactive psychosis. He had a history of schizophrenia. A psychiatrist noted that Wills was capable of understanding only "the simplest of instructions, but that he has reduced ability to respond to stress appropriately and meet the external demands of reality." This psychiatrist opined further that Wills' prognosis for "any improvement in psychological functioning is quite poor and progressive deterioration is expected." The ALJ determined that the record, including the medical evidence, supported the psychiatric evaluations and accordingly deemed Wills disabled at step two of the sequential evaluation.[3]

This court's analysis logically begins with the Regulation which permits the Secretary to reopen a previous decision. The general rule states that if a dissatisfied claimant does not request further review within the stated time period, he loses his right to that review. 20 C.F.R. § 404.-987(a). *See also Parker v. Califano, supra,* 644 F.2d at 1202. A decision may be reopened and revised if one of the conditions expressed in § 404.988 exists. *Id.* The conditions alleged by Wills in the instant case were § 404.988(c)(1) and (8):

> § 404.988 **Conditions for reopening.**
> A determination, revised determination, decision, or revised decision may be reopened—
>
> (b) Within four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.989, to reopen the case; or
>
> (c) At any time if—
>
> (1) It was obtained by fraud or similar fault;
>
> (8) It is wholly or partially unfavorable to a party, but only to correct clerical error or an error that appears on the face of the evidence that was con-

---

**3.** Step two of the sequential evaluation provides that if the Secretary concludes that the claimant has a severe impairment or combination of impairments as defined in 20 C.F.R. § 404.1521, the claimant is disabled. *See Salmi v. Secretary, HHS,* 774 F.2d 685 (6th Cir.1985).

sidered when the determination or decision was made.

20 C.F.R. § 404.988. It is obvious that Wills' allegation that he was deprived of meaningful notice and opportunity to be heard due to his mental impairments did not fall within either condition (1) or (8). However, this court has recognized that a case may also be reopened by the Secretary where the claimant's mental condition prevented timely pursuit of his administrative remedies. *See Parker,* 644 F.2d at 1202–03.

Initially, the premise upon which the *Parker* court articulated the standards for judicial review of such cases was enunciated in *Califano v. Sanders,* 430 U.S. 99, 107, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977), wherein the Supreme Court stated that generally a federal court is without jurisdiction to review the Secretary's decision to deny reopening of a claimant's case. However, noting the strong presumption in favor of the availability of judicial review when constitutional issues are presented, the Supreme Court stated:

> Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions.

*Id.* at 109, 97 S.Ct. at 986. The *Parker* court reasoned that "absent a colorable constitutional claim, federal courts are without jurisdiction to review the Secretary's denial of benefits on the basis of *res judicata.*" 644 F.2d at 1201 (citations omitted). The existence of a colorable constitutional claim is a question of law for the court to decide.

■ In confronting the identical issue joined in the case at bar, the *Parker* court concluded that where the claimant's mental

capacity may have prevented him from pursuing his administrative remedies, a colorable constitutional claim, couched in a denial of due process, was established. Thus, judicial review is properly conferred herein by 42 U.S.C. § 405(g).[4]

Having concluded, as a matter of law, that a colorable constitutional claim existed in the case at bar, the court below appropriately remanded the case to the ALJ to determine if Wills' mental disorders prevented him from understanding the notice requirements and pursuing his administrative remedies with respect to the Secretary's denial of his first application. After a supplemental hearing, the ALJ concluded that Wills understood that his first application had been denied, that he had the right to appeal the decision, and that his failure to appeal was not the result of his mental impairments. The ALJ's order became the final decision of the Secretary when it was affirmed by the Appeals Council.

On appeal, the district court properly applied the substantial evidence test in reviewing the issues of fact upon which the Secretary's determination was anchored. *See Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); 42 U.S.C. § 405(g). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson, Id.* at 401, 91 S.Ct. at 1427 (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)). *See also Ellis v. Schweiker,* 739 F.2d 245, 248 (6th Cir.1984). The existence of substantial evidence to support the Secretary's finding must be reflected by the record as a whole. *Allen v. Califano,* 613 F.2d 139, 145 (6th Cir.1980).

---

4. 42 U.S.C. § 405(g) provides in pertinent part:
   **(g) Judicial Review**
   Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

In concluding that the Secretary's factual findings that Wills understood that his first application had been denied, that he had a right to appeal that adverse action, and that his failure to appeal that decision was not the result of any mental impairments were supported by substantial evidence, this court in considering the constitutional issue further concludes that, as a matter of law, Wills suffered no due process violation.

Accordingly, the judgment of the district court is AFFIRMED.