916 F.2d 712
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marvin D. JOHNSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-3181.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1990.
 
 Before KEITH and MILBURN, Circuit Judges, and ZATKOFF, District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Marvin Johnson appeals the district court's judgment affirming the Secretary of Health and Human Services' denial of his claim for disability insurance benefits. For the reasons that follow, we reverse.
 
 I.
 
 2
 Marvin Johnson filed his first application for disability benefits on January 20, 1971, alleging disability due to a back injury. Johnson was found to be disabled, and he was awarded benefits. The Secretary subsequently reviewed Johnson's case and found that his disability ceased in August 1982, and Johnson's benefits were terminated on October 31, 1982. Johnson appealed the termination of his benefits, and on April 27, 1983, an administrative law judge (ALJ) issued a decision finding that Johnson was not disabled. The Appeals Council denied Johnson's request for review, and he did not seek judicial review of the ALJ's decision.
 
 
 3
 On July 3, 1984, Johnson filed the current application for disability benefits alleging that he became disabled in November 1982 due to a lower back problem, ulcers, leg problems, dizziness and nausea. Following a supplemental hearing, an ALJ issued a decision on January 22, 1988, finding that Johnson was not disabled. The ALJ determined that a finding of disability prior to April 27, 1983, was precluded by the doctrine of res judicata since Johnson did not appeal the previous decision.
 
 
 4
 The ALJ found that Johnson has the exertional capacity to perform sedentary work. The ALJ also found that Johnson has nonexertional impairments of borderline intelligence and difficulty concentrating which limit him to performing simple, repetitive work. The ALJ concluded that Johnson's nonexertional limitations did not "significantly compromise the full range of sedentary work that he is capable of performing." Accordingly, the ALJ used grid Rules 201.18 through 201.20, 20 C.F.R. Pt. 404, Subpt. P, App. 2, "as a framework for decision-making," and he concluded that Johnson is not disabled. Johnson sought judicial review, and the district court entered judgment affirming the Secretary's decision. This timely appeal followed.
 
 
 5
 The principal issue on appeal is whether the Secretary's decision is supported by substantial evidence.
 
 II.
 
 6
 The inquiry on review is whether the Secretary's findings are supported by substantial evidence and whether he correctly applied the law. Mullis v. Bowen, 861 F.2d 991, 992-93 (6th Cir.1988). This case does not require extensive review of the medical evidence. Johnson established a prima facie case of disability by showing that he could not perform his past work, and the burden shifted to the Secretary to show that there are a substantial number of jobs in the national economy which Johnson can perform. Richardson v. Secretary of Health & Human Serv., 735 F.2d 962, 964 (6th Cir.1984) (per curiam). If a claimant only has an exertional limitation, the Secretary can carry his burden by applying the grid. Burton v. Secretary of Health & Human Serv., 893 F.2d 821, 822 (6th Cir.1990). "If, as in this case, the claimant suffers from an additional nonexertional impairment that restricts performance of a full range of work, then the Secretary may use the grid as a framework for decision, but must rely on other evidence to carry his burden." Id.
 
 
 7
 Johnson argues that the ALJ's decision is not supported by substantial evidence because the ALJ relied on the grid despite the presence of nonexertional limitations. A case very similar to the present one is Shelman v. Heckler, 821 F.2d 316 (6th Cir.1987). In Shelman, the ALJ found that the claimant's residual functional capacity for sedentary work was limited to workplaces relatively free of atmospheric pollutants. The ALJ noted that the grid recognized numerous sedentary, unskilled occupations in the national economy, and the ALJ took "administrative notice of a significant number of entry level sedentary jobs that exist in the workplaces that are relatively free of atmospheric pollutants." Id. at 321. "The ALJ then concluded that the grid could be utilized as a 'framework for decision-making' since plaintiff's 'capacity for sedentary work [had] not been significantly compromised by his additional nonexertional limitations.' " Id.
 
 
 8
 The claimant in Shelman argued that the ALJ's reliance on the grid as a "framework for decision-making" was improper because the record did not contain evidence to support his conclusion that the claimant's nonexertional limitations did not significantly compromise the employment opportunities otherwise available. Id. We observed that "[r]eliance upon the grids in the presence of nonexertional limitations requires reliable evidence of some kind that the claimant's nonexertional limitations do not significantly limit the range of work permitted by his exertional limitations." Id. We noted that the ALJ's finding that the claimant was limited to workplaces relatively free of atmospheric pollutants "confutes the ALJ's later conclusion that plaintiff's nonexertional limitations do not significantly limit his capacity for sedentary work." Id. We held, "The ALJ's finding that a significant number of unskilled, sedentary jobs would not be ruled out by plaintiff's nonexertional limitations, which was made without citation of any authoritative references or any other evidence, was clearly in error." Id. at 322.
 
 
 9
 In the present case, the ALJ specifically found that Johnson's nonexertional impairments limited him to performing simple, repetitive work. This finding contradicts the ALJ's later conclusion that Johnson's nonexertional limitations do not significantly limit his capacity for sedentary work. The ALJ's conclusion that Johnson's restriction to performing simple, repetitive work does not significantly compromise the full range of sedentary work he is capable of performing "was made without citation of any authoritative references or any other evidence, [and] was clearly in error." Shelman, 821 F.2d at 322.
 
 
 10
 Given Johnson's nonexertional limitations, "it was incumbent upon the ALJ to hear from a vocational specialist to determine whether or not jobs existed in the national economy that [Johnson] could still perform, taking these restrictions into account." Damron v. Secretary of Health & Human Serv., 778 F.2d 279, 282 (6th Cir.1985). A vocational expert was present and testified at the hearing about the exertional level and the skill required to perform Johnson's past relevant work. However, the ALJ did not pose a hypothetical question, and the vocational expert did not render an opinion as to the availability of jobs in the national economy which Johnson could perform given his exertional and nonexertional limitations. Therefore, the vocational expert did not provide testimony on which the ALJ could rest his decision. Because the burden of proof was on the Secretary and he failed to rely on evidence other than the grid to carry his burden, we hold that the Secretary's decision is not supported by substantial evidence.
 
 
 11
 Johnson argues that the ALJ erred by applying the doctrine of res judicata to preclude finding that he was disabled prior to April 27, 1983, the date of the prior decision. "This Circuit has consistently held that the Secretary may apply the doctrine of res judicata to bar an award of benefits for a period of disability wherein the application for such a period of disability has been previously denied." Wills v. Secretary of Health & Human Serv., 802 F.2d 870, 871 n. 2 (6th Cir.1986). Therefore, the ALJ correctly concluded that res judicata bars awarding Johnson benefits prior to April 27, 1983.
 
 III.
 
 12
 Accordingly, for the foregoing reasons, we REVERSE and REMAND this case for an award of benefits commencing on April 28, 1983.
 
 
 
 *
 Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation