F I L E D
United States Court of Appeals
Tenth Circuit

DEC 20 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LORETTA L. LONDON,

        Plaintiff-Appellant,

v.

KENNETH S. APFEL, Secretary of
the Department of Health and Human
Services,

        Defendant-Appellee.

No. 99-1146
(D.C. No. 94-D-1610)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **EBEL**, **LUCERO**, and **MURPHY**, Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Loretta L. London appeals the district court's order affirming the decision of the Secretary of Health and Human Services to refuse to reopen her applications for disability benefits. [1] We affirm. [2]

## BACKGROUND

In a September 17, 1983 automobile accident, Ms. London sustained multiple injuries: a fractured right femur and ankle, scalp and facial lacerations, and a cerebral concussion. Since then, she has filed four sets of applications for disability insurance benefits under Title II of the Social Security Act and supplemental security income (SSI) under Title XVI of the Act alleging disability arising from the accident. In her first two applications, filed in 1983 and 1984, Ms. London alleged that she was disabled because a rod inserted in her right leg made it difficult to stand for long periods of time. These applications were denied and Ms. London did not appeal the determinations. Ms. London last met

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[2] The Social Security Administration addressed Ms. London's claims prior to March 31, 1995, when the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. See Pub. L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted as the defendant in this action for Donna E. Shalala, the Secretary of Health and Human Services. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

the special insured status requirements for disability insurance benefits on December 31, 1988. [3]

In December 1989, Ms. London filed a third set of applications. Her disability insurance claim was denied and her SSI claim deferred. Ms. London did not appeal the denial of disability insurance benefits.

At issue in this case is Ms. London's fourth set of applications, filed in September 1991, alleging disability from lower back pain, nervousness, and side effects from pain medication. She claimed entitlement to benefits dating back to the 1986 accident, on the theory that her earlier applications should be reopened because new and material evidence of mental disability showed that she was incapable of pursuing an appeal at the time they were denied. Upon administrative denial of her claims, Ms. London appealed.

After a hearing, the administrative law judge (ALJ) determined that Ms. London had demonstrated that, as of September 9, 1991, the date of her last SSI application, she was disabled by chronic pain syndrome related to soft tissue problems; probable degenerative joint disease of the right hip; right plantar fasciitis; anxiety, personality, and substance addiction disorders; and possibly an

---

[3]    A claimant seeking disability insurance benefits under Title II must show that she became disabled during the period in which the special insured status requirements were met.    See 42 U.S.C. § 423(c).

organic mental disorder. Accordingly, she met the disability requirement for SSI as of that date.

The ALJ, however, explicitly determined that Ms. London had not met the conditions for reopening the earlier SSI applications,    see 20 C.F.R. § 416.1488, [4] and that the doctrine of res judicata barred the reopening of the disability insurance applications,    see 20 C.F.R. § 404.957(c)(1).  [5]  The ALJ found that,

---

[4]    Section 416.1488, as in effect at the time of the hearing, provided:

  A determination, revised determination, decision, or revised decision may be reopened--

  (a) Within 12 months of the date of the notice of the initial determination, for any reason;
  (b) Within two years of the date of the notice of the initial determination if we find good cause, as defined in § 416.1489, to reopen the case; or
  (c) At any time if it was obtained by fraud or similar fault.

In 1994, subsection (c) was amended to "make it clear" that the Secretary follows a general policy of "tak[ing] into account any physical, mental, educational, or linguistic limitations of an individual (including any lack of facility with the English language)" in determining whether an application may be reopened.  59 Fed. Reg. 1629, 1630 (1994).

[5]    Section 404.957(c) permits a dismissal upon an ALJ's decision:

  that there is cause to dismiss a hearing request entirely or to refuse to consider any one or more of the issues because --

  (1) The doctrine of  res judicata  applies in that [the Secretary has] made a previous determination or decision under this subpart about [the claimant's] rights on the same facts and on the same issue or issues, and this previous determination or decision has become final

(continued...)

-4-

"[a]lthough the recent medical evidence of record indicates that the claimant may have some cognitive dysfunction, there is simply no persuasive evidence . . . that the claimant was mentally incapable of doing things for herself at the time the appeal periods expired. . . ." Appellant's App. at 56. In a similar vein, he stated that,

> [a]lthough the claimant may currently have some cognitive deficits, as well as other mental limitations, these nonexertional limitations are simply not documented in the evidence of record for the period prior to December 31, 1988, the date the claimant was last insured or prior to August 9, 1990, the previous denial date of the claimant's application for supplemental security income. Although the Administration in the previous denials in this case acknowledged the fact that the claimant sustained a head injury, there is no documentation in the record prior to December 31, 1988, or August 1990, that would indicate that the claimant was unable to think clearly, act in her own interests, or that she was unable to get along with others. There is no convincing evidence prior to December 1988 that indicates that the claimant was mentally incapable of handling her own affairs. . . .

Id. at 58.

Because the ALJ found no basis for reopening Ms. London's earlier applications, he determined that she was not entitled to any period of disability insurance benefits or SSI prior to the filing date of her last application. The Appeals Council denied review of the ALJ's determination. Thus, the Secretary's final decision was that Ms. London was currently disabled, that there was no good

---

[5](...continued)
        by either administrative or judicial action.

cause to reopen the prior applications, and that consequently the earliest onset date consistent with administrative res judicata was September 9, 1991, the date of her last SSI application. On judicial review, the district court denied relief.

## DISCUSSION

Generally, federal courts do not have jurisdiction to review refusals by the Secretary to reopen claims for disability benefits. See Califano v. Sanders, 430 U.S. 99, 107-09 (1977); Brown v. Sullivan, 912 F.2d 1194, 1196 (10th Cir. 1990) (per curiam). In Sanders, the Supreme Court

> noted that the clear language of Section 205(g) indicated that the federal courts' jurisdiction under the [Social Security] Act is limited to review of a "final decision of the Secretary made after a hearing." [*Sanders*, 430 U.S.] at 108. The Court held that because a petition to reopen may be denied without a hearing Congress did not intend Section 205(g) to provide the jurisdictional predicate for judicial review of the Secretary's decision not to reopen a prior final decision. *Id*.

Parker v. Califano, 644 F.2d 1199, 1201 (6th Cir. 1981). "Since the advent of *Sanders*, the courts have held that, absent a colorable constitutional claim, federal courts are without jurisdiction to review the Secretary's denial of benefits on the basis of res judicata." Id. (citations omitted).

Accordingly, there is no judicial review of any claim that the Secretary's refusal to reopen Ms. London's earlier applications was unsupported by substantial evidence. This bar applies to arguments that the Secretary erroneously concluded that the evidence Ms. London submitted was not new or

material.  See Dvareckas v. Secretary of Health & Human Servs., 804 F.2d 770, 772 (1st Cir. 1986) (noting that "[w]hether additional medical reports are new or material or warrant reopening is precisely the type of issue which, absent a constitutional claim, we may not review").  It also disposes of the claim that the ALJ failed to make a proper onset determination.

To obtain relief in the judicial system, Ms. London must present a colorable constitutional claim which vests the courts with jurisdiction to review the refusal to reopen her prior applications.  The existence of a such a claim is a question of law for the court to decide, see Wills v. Secretary, Health & Human Servs., 802 F.2d 870, 872 (6th Cir. 1986), which we review de novo, see Dang v. UNUM Life Ins. Co. of Am., 175 F.3d 1186, 1187 (10th Cir. 1999).  In reviewing the findings of fact upon which the Secretary's determination is anchored, however, we must determine whether they are supported by substantial evidence.  See Wills, 802 F.2d at 873; see also Shepherd v. Apfel, 184 F.3d 1196, 1199 (10th Cir. 1999).

Several courts have held that a claimant who has a mental disability raises a colorable due process claim by alleging that the disability prevented the claimant from proceeding in a timely fashion from one administrative stage to the next.  See, e.g., Wills, 802 F.2d at 873; Elchediak v. Heckler, 750 F.2d 892, 894 (11th Cir. 1985) (per curiam); Penner v. Schweiker, 701 F.2d 256, 260-61 (3d Cir.

1983); see also Social Security Ruling 91-5p ("issued to avoid the improper application of res judicata or administrative finality when the evidence establishes that a claimant lacked the mental capacity to understand the procedures for requesting review"). It is not sufficient, however, for Ms. London to allege merely that she suffered from a mental impairment at the time of the earlier decisions; she must show that the mental impairment eroded her ability to pursue her claims. See Wills, 802 F.2d at 873; Parker, 644 F.2d at 1203.

We note, as did the ALJ, that following Ms. London's motor vehicle accident, she was evaluated by a neurologist and found to be alert, oriented, and articulate, but totally amnesiac of the accident. Appellant's App. at 314. The same neurologist examined her in November 1983 upon her complaints of occipital headaches and made no findings of a significant mental impairment. See id. at 390. A CT head scan performed on May 17, 1991, was normal. See id. at 306. In March 1992, a physician examined her and determined that she was "capable of making reasonable everyday social judgments." Id. at 400. Moreover, on May 6, 1992, Ms. London stated that she managed her own financial affairs by paying her bills with money orders. Id. at 307.

The ALJ adequately investigated Ms. London's claim that her mental impairment deprived her of the ability to understand or act upon notice of administrative procedures. Contrary to her contentions, there is no need to

remand the matter for additional consideration of the claim.  As a matter of law, Ms. London has suffered no due process violation.

**CONCLUSION**

The district court properly dismissed Ms. London's nonconstitutional claims and affirmed the Secretary's decision not to open Ms. London's prior applications on the grounds of mental incompetency.  The judgment of the district court is AFFIRMED.  Ms. London's motion to proceed in forma pauperis on appeal is granted.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge