File Name:  06a0578n.06
Filed:  August 11, 2006

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**No. 05-6540**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DENNIS ANDERSON, | ) | |
| | ) | |
|    Plaintiff-Appellant, | ) | ON  APPEAL  FROM  THE  UNITED |
| | ) | STATES  DISTRICT  COURT  FOR  THE |
| v. | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | O P I N I O N |
|    Defendant-Appellee. | ) | |
| | ) | |

Before:  GILMAN and COOK, Circuit Judges; DOWD, Senior District Judge.[*]

**DOWD, J., Senior District Judge.**  Dennis Anderson ("appellant") brought an action

pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner

of Social Security ("Commissioner") denying his applications for Disability Insurance Benefits

("DIB") under Title II of the Social Security Act (the "Act") and for Supplemental Security Income

("SSI") under Title XVI of the Act.  He now appeals from the district court's order affirming the

Commissioner's denial of benefits.  Appellant claims that the decision is not supported by

substantial evidence and that the Commissioner failed to supply a complete administrative record

to the district court.  For the reasons set forth below, we AFFIRM in part and VACATE in part the

---

[*]The Honorable David D. Dowd, Jr., United States District Judge for the Northern District
of Ohio, sitting by designation.

district court's decision, and REMAND the case to the district court with instructions to REMAND to the Commissioner for further proceedings consistent with this opinion.

I.

Appellant was born on December 8, 1954. He has a sixth grade education and, as of the administrative hearing on October 3, 2001, had not obtained a GED although he had been attending classes for 18 months.

Appellant filed his application for SSI on November 9, 1999, alleging a disability onset date of September 15, 1992 and disability as a result of limited eye sight, neck, elbow, shoulder and knee problems, and stress. The application was denied initially and on reconsideration. Appellant sought a hearing, which was conducted before Administrative Law Judge ("ALJ") John P. Garner on October 3, 2001. Appellant, represented by counsel, testified at the hearing, as did Lisa Courtney, a vocational expert ("VE").

An unfavorable decision was issued on January 25, 2002. With respect to the DIB application, the ALJ determined that since there was no new and material evidence to warrant reopening the application, the doctrine of *res judicata* precluded revisiting the period of September 15, 1992 to June 28, 1996.[1] The ALJ declared that the sole issue was "whether the claimant is entitle [sic] to Supplemental Security Income benefits beginning November 9, 1999." He concluded at step two of the five-step evaluation that appellant did not suffer a severe mental impairment and, at step

---

[1]Appellant had filed the application for DIB on August 4, 1994. After denial initially and on reconsideration, he requested a hearing. On June 28, 1996, his disability application was denied by the ALJ. His appeal was denied on September 25, 1999 on the ground that it was untimely filed. No further action was taken. Instead, in his November 1999 SSI application, appellant simply alleged the same disability onset date of September 15, 1992.

four, that "[t]he claimant's past relevant work as auto mechanic did not require the performance of work-related activities precluded by his residual functional capacity." Therefore, appellant's SSI application was denied. A timely appeal was also denied by the Appeals Council on March 26, 2004, making the ALJ's ruling the final decision of the Commissioner.

On May 24, 2004, appellant filed his lawsuit seeking judicial review of the administrative action. The district court affirmed the Commissioner's decision on July 21, 2005 and appellant timely appealed arguing that the ALJ's findings at step two and step four of the five-step process were not supported by substantial evidence and that the Commissioner erred in failing to include in the administrative record documentation within its possession necessary for the district court to determine whether or not he had been represented by counsel in his 1994 claim for benefits.

## II.

## A.

Under 42 U.S.C. § 405(g), the ALJ's findings are conclusive if they are supported by substantial evidence. *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 851 (6th Cir. 1986) (this court's review "is limited to determining whether there is substantial evidence in the record to support the findings"). " 'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

We "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *see also Foster v. Halter*, 279

F.3d 348, 353 (6th Cir. 2001) (the court should defer to the agency's decision if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion") (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

B.

1.

Appellant argues that substantial evidence was lacking to support the ALJ's decision that *res judicata* constituted a barrier to reopening his 1994 application. He makes this argument because the Commissioner failed to include in the record before the ALJ any documents relating to that prior application, even though the ALJ's decision suggests knowledge of the earlier denial. Appellant argues here that he was "penalized" by this failure to supply a proper record because he did not have access to "the pertinent information showing whether or not [he] was represented" at the time of the 1994 decision. He asks this court to remand with directions that the Commissioner be required to provide the ALJ with the decisions and supporting documents relating to the 1994 application "in order to determine whether and at what stage Appellant did and/or did not have representation."

As pointed out by the district court, ordinarily federal courts do not have jurisdiction to review an ALJ's decision not to reopen a prior application. The exception is where a claimant raises a colorable constitutional claim. *See Willis v. Sec'y, Health and Human Servs.*, 802 F.2d 870, 873 (6th Cir. 1986) (citing *Califano v. Sanders*, 430 U.S. 99, 107-08 (1977)). In this Circuit, a colorable constitutional claim is established and judicial review is proper where the claimant's mental capacity prevented him or her from pursuing administrative remedies. *Id*. However, under Social Security Ruling ("SSR") 91-5p, a colorable mental incapacity claim is established only when the fact of

4

mental incapacity is coupled with a showing of lack of anyone legally responsible for prosecuting the claim.

Appellant argues in his opening brief that, lacking the full record, the ALJ could not have determined whether or not he was represented by counsel at the time of the decision denying the 1994 application. In his reply brief, appellant adds to the argument that, due to his sixth grade education and third grade reading level, along with his deficient logic, increased paranoia and feelings of hopelessness and helplessness, he lacked the mental capacity to pursue his claim when he missed the deadline for filing his appeal following the denial of his 1994 application.

The district court acknowledged that the ALJ did not apply the standard articulated in SSR 91-5p, but further concluded that "plaintiff has failed to show that he had no one legally responsible for prosecuting his claim at the time of the prior application and thus has failed to raise a colorable constitutional claim." (District Court Opinion, at 16).

While it is true that the ALJ is limited to the record and that the Commissioner has the burden of providing that record, 42 U.S.C. § 405(g), it is a *plaintiff's* burden to show mental incapacity and the lack of counsel.[2] In *Cottrell v. Sullivan*, 987 F.2d 342 (6th Cir. 1992), the court rejected an argument similar to our appellant's, stating as follows:

> The suggestion that the plaintiff might have been able to demonstrate a violation of his constitutional rights if the Secretary had provided him a transcript is not persuasive. The plaintiff knew perfectly well what evidence had been submitted to the agency, and there is no constitutional requirement that the Appeals Council have

---

[2]In fact, SSR 91-5p, does not require legal counsel; it merely requires a showing that there was "no one legally responsible for prosecuting the claim (e.g., a parent of a claimant who is a minor, legal guardian, attorney, or other legal representative) at the time of the prior administrative action[.]"

(No. 05-6540)

a complete transcript before deciding whether to grant an application to reopen. *See Blacha v. Secretary of HHS*, 927 F.2d 228, 231-32 (6th Cir.1990).

*Id.* at 345.

During the administrative hearing conducted on October 3, 2001, Anderson was represented by counsel who stated that "there'd been a previous Decision resulting from a hearing of February 23, I'm not sure if it's '95 or '96, Your Honor. I don't think I can go back behind that. *I don't have any new evidence to support re-opening*." (Record at 579-80, emphasis added). Clearly, there was an opportunity at that time to either present independent evidence or to ask that the Commissioner produce a more complete record. Since Anderson failed to do so, he has not met his burden.

The court finds no error in the district court's ruling with respect to the ALJ's decision not to reopen the earlier application and, to that extent, we affirm the district court.

2.

We turn next to the remaining arguments of the appellant, all relating to whether there is substantial evidence to support the ALJ's determination.

Appellant challenges the ALJ's determination that he failed to establish a severe mental impairment. There is substantial evidence in the record that appellant's mental impairment, if any, is slight and has only minimal, intermittent effect on his daily activities. Therefore, we reject this argument.

Appellant also challenges the ALJ's determination that he retained the capacity for a full range of medium level work. In particular, appellant argues that, in evaluating his residual functional capacity, the ALJ failed to give good reasons for crediting the opinions of consulting sources over those of his treating physicians. We reject this argument, finding that the ALJ did give

reasons for discounting the opinion of Dr. DeSouza, appellant's treating physician. The ALJ concluded, properly in our view, that the doctor's overall treatment notes did not support and were inconsistent with his conclusory assertion that appellant was disabled.

Finally, turning to appellant's remaining argument, we must agree that substantial record evidence is lacking to support the ALJ's determination that appellant's "past relevant work as auto mechanic did not require the performance of work-related activities precluded by his residual functional capacity." The evidence as to his past relevant work is conflicting. Although a typewritten Work History Report indicates that he was a "mechanic" and that he did "automotive repair," his testimony at the administrative hearing was that he did "body work." Since appellant has a sixth grade education and reads at a third grade level, it is not surprising that he did not detect any error in his Work History Report, if he ever saw it. That form was probably completed by his attorney. This Court suspects that the hearing testimony, not the Work History Report, is accurate; however, at the very least, this is a significant conflict in the evidence. The ALJ failed to acknowledge this conflict in the evidence or offer any explanation for the conclusion that Anderson previously worked as an "auto mechanic" rather than an auto body repairman. *See Peabody Coal Co. v. Hill*, 123 F.3d 412, 415 (6th Cir. 1997) ("In deciding whether the substantial evidence requirement is satisfied, we consider whether the administrative law judge adequately explained the reasons for crediting certain testimony and evidence over other evidence in the record . . . ."). All of the VE's testimony at the hearing was based on the possibly incorrect assumption that appellant had been an auto mechanic. This Court is in no position to determine whether the VE's conclusions would be any different had they been based on past relevant work as an auto body repairman. That

matter must be resolved administratively. Therefore, due to this conflict in the record, we conclude that substantial evidence is lacking to support the ALJ's determination that appellant could return to his past relevant work.

III.

For the reasons discussed above, we AFFIRM in part and VACATE in part the district court's decision, and REMAND the case to the district court with instructions to REMAND to the Commissioner for further proceedings consistent with this opinion.