**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 19a0239n.06

Case No. 18-3856

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

May 03, 2019

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| EARL WAYNE NEWHOUSE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| COMMISSIONER OF SOCIAL SECURITY, | ) | OHIO |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE: SILER, GIBBONS, and LARSEN, Circuit Judges.

SILER, Circuit Judge. Earl Wayne Newhouse appeals the district court's judgment affirming the Commissioner of Social Security's final decision denying Newhouse's request to reopen his 2011 application for Disability Insurance Benefits ("DIB"). An Administrative Law Judge ("ALJ") found that Newhouse had failed to meet his burden of proof to reopen, and the district court affirmed. We AFFIRM.

I.

Newhouse, proceeding pro se, applied for DIB on April 24, 2001, alleging a disability onset date of June 30, 1999. He indicated that he had a 12th-grade education and that he had not been in special education classes.

Psychologist Wendy Gajarsky stated in 2001 that she saw Newhouse for mental health treatment beginning in June 1999. She opined that Newhouse showed average intelligence, but faced "an extreme disruption" in his focus and concentration, "disruption in recent memory," and had an "inability to follow through with daily functioning and simple tasks." She found that Newhouse had "almost no ability to withstand any kind of stress and pressure. Stress highly exaggerates [his] depression, anxiety, as well as [his] anger." She considered Newhouse "probably capable of managing benefits" and capable of following and understanding instructions, but noted his "high tension with authority."

Psychologist Dawn Lord stated in 2001 that she had seen Newhouse for mental health treatment from October 1999 through February 2001. She opined that Newhouse would not react well to the pressures of a work setting, but could follow directions, had adequate orientation, a short attention span, and could manage any benefits that may be due.

On July 24, 2001, the Social Security Administration ("SSA") determined Newhouse was disabled as of the claimed date due to affective disorders and anxiety, but eligible only for Medicare and not DIB due to an insufficient number of quarters of coverage. The determination letter advised Newhouse of the process and timeline to appeal. Newhouse sent the SSA approximately seven letters, stating that he couldn't feed his family or survive on a Medicare card and wanted paid benefits, but he did not file a formal appeal.

On September 10, 2012, Newhouse filed a second pro se DIB application with additional earnings information. On April 24, 2013, the SSA determined Newhouse was eligible for DIB beginning January 1, 2001, and awarded coverage back to August 2011. Represented by counsel, Newhouse requested reconsideration, arguing that he was "entitled to benefits further back in time." The SSA denied reconsideration, finding that the regulations did not permit Newhouse to

receive retroactive benefits more than twelve months prior to his new application. A hearing was held on May 16, 2015.

On June 19, 2015, the ALJ issued a written decision addressing "whether late additions to [Newhouse's] record of covered earnings would result in giving him retroactive Title II cash benefits as of January 1, 2001, which is the earliest date last insured when the quarters of coverage provided by the late additions are calculated." The ALJ concluded that reopening was not appropriate because Newhouse did not meet his burden of proof to show mental incapacity at the time he opted not to appeal the 2001 agency decision. In so finding, the ALJ considered the medical evidence from Drs. Gajarsky and Lord that Newhouse could follow directions, had adequate orientation and average intelligence, and would be capable of managing any benefits due to him.

The Appeals Council declined review, rendering the ALJ's decision final. Newhouse filed an action for judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3), arguing a constitutional claim that his mental limitations prevented him from timely pursuing his administrative remedies. The district court found the ALJ's decision supported by substantial evidence and denied relief.

II.

We review a district court's decision in a Social Security case de novo. *Miller v. Comm'r of Social Security*, 811 F.3d 825, 833 (6th Cir. 2016) (citation omitted). Our review of an ALJ's decision as to whether the claimant is disabled "is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Social Security*, 581 F.3d 399, 405-06 (6th Cir. 2009) (citation omitted); *see also* 42 U.S.C. § 405(g). Thus, we defer to the ALJ's decision if substantial evidence supports it, "even if there is substantial evidence in the record that would have supported an opposite

conclusion." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). "Where, however, an ALJ fails to follow agency rules and regulations, we find a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Miller*, 811 F.3d at 833 (internal quotation marks and citation omitted).

## III.

Under 20 C.F.R. § 404.988, determination more than four years old can only be reopened if specific conditions are met, none of which applied to Newhouse's case. However, as Newhouse argued, SSR 91-5P outlines the SSA's policy to avoid improper application of administrative finality when the evidence establishes that "mental capacity prevented [the applicant] from timely requesting review of an adverse determination . . . ." To show eligibility under this provision, "a claimant . . . presents evidence that mental incapacity" prevented him from making a timely request for review. *Id.* If he provides sufficient evidence to demonstrate such mental incapacity, the "time limits in the reopening regulations do not apply . . . ." *Id.* The ALJ must consider, in relevant part, "any mental or physical condition that limits the claimant's ability to do things for him/herself." *Id.*

A decision by the SSA not to reopen a prior decision is unreviewable by the courts absent a colorable constitutional claim. *See Califano v. Sanders*, 430 U.S. 99, 107-08 (1977); *Bogle v. Sullivan*, 998 F.2d 342, 346 (6th Cir. 1993). We have previously found that a colorable constitutional claim is established, and judicial review proper, when the claimant's mental capacity prevented him from understanding and pursuing further administrative remedies. *Parker v. Califano*, 644 F.2d 1199, 1203 (6th Cir. 1981); *see also Anderson v. Comm'r of Social Security*, 195 F. App'x 366, 369 (6th Cir. 2006) (citation omitted). We have also reiterated SSR 91-5p's

policy that the burden of proof rests on the claimant to demonstrate such incapacity. *Anderson*, 195 F. App'x at 369-70.

Newhouse argues that the ALJ's decision was not supported by substantial evidence and that he lacked the requisite concentration, attention span, short-term memory, and ability to follow through on tasks to complete the required application for reconsideration. However, the presence of "substantial evidence in the record that would have supported an opposite conclusion," *Key*, 109 F.3d at 273, is not equivalent to a finding that substantial evidence *does not* support the ALJ's findings. In this case, the ALJ relied on medical evidence in the record that Newhouse could follow directions, had adequate orientation and average intelligence, and would be capable of managing any benefits due to him. As the government notes, the form to request reconsideration is a single page, and is "perhaps less complicated than the original application and other materials that he already would have completed to get to [that] point in the application process." Further, Newhouse was able to complete the form with the assistance of his representative in his 2012 application. Since a "reasonable mind might accept the relevant evidence as adequate to support [the ALJ's] conclusion," *Warner v. Commissioner of Social Security*, 375 F.3d 387, 390 (6th Cir. 2004), the ALJ's conclusion that Newhouse failed to meet his burden of proving mental incapacity is supported by substantial evidence, and thus no colorable constitutional claim exists.

AFFIRMED.